

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DELTA SMELT CASES,<br><br>SAN LUIS DELTA-MENDOTA WATER AUTHORITY, et al. v. SALAZAR, et al. (Case No. 1:09-cv-407)<br><br>STATE WATER CONTRACTORS v. SALAZAR, et al. (Case No. 1:09-cv-422)<br><br>COALITION FOR A SUSTAINABLE DELTA, et al. v. UNITED STATES FISH AND WILDLIFE SERVICE, et al. (Case No. 1:09-cv-480)<br><br>METROPOLITAN WATER DISTRICT V. UNITED STATES FISH AND WILDLIFE SERVICE, et al. (Case No. 1:09-cv-631)<br><br>STEWART & JASPER ORCHARDS, et al. v. UNITED STATES FISH AND WILDLIFE SERVICE, et al. (Case No. 1:09-cv-892) | 1:09-cv-407 OWW GSA<br>1:09-cv-422 OWW GSA<br>1:09-cv-631 OWW GSA<br>1:09-cv-892 OWW GSA<br>PARTIALLY CONSOLIDATED<br>WITH: 1:09-cv-480 OWW GSA<br><br>ORDER ON: (1) FEDERAL DEFENDANTS' MOTION FOR CONSOLIDATION, COORDINATION AND SCHEDULING CONFERENCE; (2) ADMINISTRATIVE RECORD ISSUES; (3) PRELIMINARY DISPOSITIVE MOTIONS; AND (4) CROSS-DISPOSITIVE MOTIONS<br><br>Supplemental Joint Scheduling Report in 1:09-cv-480: 7/13/09<br><br>ALL CASES<br><br>File Admin. Record: 7/1/09<br><br>ADMINISTRATIVE RECORD ISSUES<br><br>File Motions re Admin. Record: 7/31/09<br><br>File Opposition re Admin. Record: 8/21/09<br><br>File Replies re Admin. Record: 9/7/09 |

| | |
|---|---|
| | Hearing Date for Motions re Admin. Record: 9/28/09 10:00 a.m. Ctrm. 3 |
| | **EXPERT WITNESS ISSUES** |
| | File Briefs re Rule 706 Expert(s): 8/21/09 |
| | Nominate Proposed 706 Expert(s): 8/21/09 |
| | File Opposition re Rule 706 Expert(s): 9/12/09 |
| | **DISPOSITIVE MOTIONS RE LEGAL ISSUES AMENABLE TO EARLY RESOLUTION** |
| | File Dispositive Motions: 8/3/09 |
| | File Oppositions: 8/24/09 |
| | File Replies: 9/7/09 |
| | Hearing Date on Dispositive Motions: 9/28/09 10:00 a.m. Ctrm. 3 |
| | **DISPOSITIVE CROSS-MOTIONS ON REMAINING ISSUES** |
| | File Cross-Dispositive Motions re APA, ESA and NEPA: 12/21/09 |
| | File Opposition to Cross-Dispositive Motions: 2/8/10 |
| | File Replies to Cross-Dispositive Motions: 2/22/10 |
| | Hearing Date re Cross-Dispositive Motions: 3/15/10 10:00 a.m. Ctrm. 3 |

I.  Consolidation and Coordination.

   A.  The following Order is entered on Federal Defendants' motion to consolidate these cases.

   B.  San Luis & Delta-Mendota Water Authority, et al. v.

2

1  Salazar, et al., Case No. 1:09-cv-407 OWW GSA; State Water
2  Contractors v. Salazar, et al., 1:09-cv-422 OWW GSA; Metropolitan
3  Water District v. United States Fish and Wildlife Service, et
4  al., 1:09-cv-631 OWW GSA; and Stewart & Jasper Orchards, et al.
5  v. United States Fish and Wildlife Service, et al., 1:09-cv-892
6  OWW GSA are consolidated for all purposes, including trial.
7  Coalition for a Sustainable Delta, et al. v. United States Fish
8  and Wildlife Service, et al., 1:09-cv-480 OWW GSA shall be
9  partially consolidated for all purposes, including discovery and
10 trial on issues related to the lawfulness of the Biological
11 Opinion for the Delta smelt issued December 15, 2008, identified
12 in the chart describing common claims raising issues under the
13 Administrative Procedure Act, Endangered Species Act and the
14 National Environmental Policy Act, Exhibit "A" attached and by
15 this reference incorporated.  All remaining issues in Coalition
16 for a Sustainable Delta, Case No. 1:09-cv-480 OWW GSA, shall be
17 managed and tried pursuant to a Supplemental Scheduling
18 Conference Order that shall follow a Supplemental Joint
19 Scheduling Statement by the Plaintiffs, Federal Defendants, and
20 the State of California in Case No. 1:09-cv-480 OWW GSA, which
21 Joint Statement shall be submitted to the Court on or about July
22 13, 2009.
23
24 II.    Intervention.
25      A.    Upon agreement of all parties the Defendant
26 Intervenors, Natural Resources Defense Council and The Bay
27 Institute, are authorized to intervene in case numbers: 1:09-cv-
28 407 OWW GSA; 1:09-cv-422 OWW GSA; 1:09-cv-631 OWW GSA; and 1:09-

3

1 | cv-892 OWW GSA for all purposes, including trial. Their
2 | complaint in intervention is ordered filed in these four
3 | consolidated cases.

4 |     B.    These Intervenors have not sought to intervene in the
5 | Coalition for a Sustainable Delta case, number 1:09-cv-480 OWW
6 | GSA.

8 | III.    Cooperation in Briefing and Written Submissions.
9 |     A.    Each Plaintiff shall have the right to be heard on and
10 | to brief issues presented by that party's complaint. Counsel for
11 | all Plaintiffs in the Consolidated Cases are requested to confer
12 | and cooperate in the presentation of briefs, other legal
13 | memoranda, and written submissions to minimize duplication and
14 | length of submissions, with a view toward limiting the repetition
15 | and volume of written argument and authorities presented to the
16 | Court. This direction is not intended to foreclose the right of
17 | any Plaintiff to identify separate issues and to argue those
18 | issues. This right to be heard shall include Real Party In
19 | Interest, the State of California, its Department of Water
20 | Resources ("DWR"), and Lester Snow, DWR's director.

22 | IV.    Amendment To Pleadings.
23 |     A.    Plaintiffs San Luis & Delta-Mendota Water Authority and
24 | Westlands Water District intend to file a motion to amend their
25 | complaint to add a claim under the National Environmental Policy
26 | Act and to join the United States Bureau of Reclamation as a
27 | party.
28 |     B.    Plaintiffs in the Coalition case filed an Amended

1  Complaint May 28, 2009, and currently do not intend to further
2  amend.
3     C.   Plaintiff in the <u>MWD</u> case filed an Amended Complaint on
4  June 8, 2009, and currently does not intend to further amend.
5     D.   The remaining Plaintiffs in the Delta Smelt Cases do
6  not currently intend to further amend.

8  V.   <u>Schedule for Biological Opinion Consolidated Cases</u>.
9     The consolidated cases addressing the lawfulness of the
10 Delta Smelt Biological Opinion shall be managed, prepared, and
11 tried on the following schedule.
12    A.   <u>Settlement of the Administrative Record</u>.
13         1.   The Administrative Record ("AR") shall be filed by
14 the Federal Defendants on or before July 1, 2009.
15         2.   With respect to the Administrative Record format:
16              (a)  The government will comply with the Court's
17 Order of May 1, 2009, concerning the format of the Record.
18              (b)  The government will further endeavor to
19 provide search terms or other means of access by word,
20 definition, or category searchable by electronic means, if
21 reasonably feasible.
22         3.   All motions directed to the AR shall be filed on
23 or before July 31, 2009, including motions addressing: (a) the
24 adequacy and completeness of the Administrative Record; (b)
25 whether any exceptions to the completeness of the record exist to
26 justify supplementation or any of the following:
27              (i)  Whether any experts are necessary to
28 interpret or explain scientific or technical aspects of the

```
 1 │ record;
 2 │            (ii)  Whether or not any discovery is required
 3 │ with respect to the contents, sufficiency, or interpretation of
 4 │ the record; and
 5 │            (iii) Any other issues concerning the sufficiency,
 6 │ completeness, use, and interpretation of the Administrative
 7 │ Record.
 8 │       4.   Oppositions to Administrative Record motions shall
 9 │ be filed on or before August 21, 2009.
10 │       5.   Any replies shall be filed on or before September
11 │ 7, 2009.
12 │       6.   The hearing on Administrative Record motions shall
13 │ be held in Courtroom 3 on September 28, 2009, at 10:00 a.m.; time
14 │ is reserved for extended oral argument.
15 │       B.   Issues Concerning Experts.
16 │            a.   The parties shall submit any legal authorities and
17 │ argument concerning the appointment of a Federal Rule of Evidence
18 │ 706 expert(s) by the Court, including but not limited to (a)
19 │ subject matter; (b) fields of expertise; (c) qualifications; (d)
20 │ proposed subjects for expert discovery; and (e) proposed
21 │ limitations on use of experts; and shall nominate any proposed
22 │ 706 expert to be appointed by the Court in accordance with the
23 │ requirements of law on or before August 21, 2009.  Any objections
24 │ or opposition to appointment of a 706 expert shall be filed by
25 │ September 12, 2009.
26 │      C.    Schedule for Dispositive Motions Re Legal Issues
27 │            Appropriate for Early Disposition.
28 │            1.   Dispositive motions addressing legal issues
```

6

appropriate for early resolution as set forth in the Matrix listing Common Claims that Involve Legal Claims Appropriate for Early Disposition shall be presented and heard on the following schedule:

    a.   Dispositive motions shall be filed on or before August 3, 2009.

    b.   Oppositions shall be filed on or before August 24, 2009.

    c.   Replies shall be filed by September 7, 2009.

    d.   The hearing on early dispositive motions shall be in Courtroom 3 on September 28, 2009, at 10:00 a.m. Time is reserved for extended oral argument.

D.   <u>Schedule for Dispositive Motions on Administrative Record Review Claims</u>.

1.   The following schedule is adopted for cross-dispositive motions concerning all remaining claims related to the Delta Smelt Biological Opinion under the Administrative Procedure Act, Endangered Species Act and National Environmental Policy Act.

    a.   Dispositive motions to be filed on or before December 21, 2009.

    b.   Oppositions filed on or before February 8, 2010.

    c.   Reply briefs to be filed on or before February 22, 2010.

    d.   The hearing date in Courtroom 3 is March 15, 2010, at 10:00 a.m. Time is reserved for extended oral argument.

VI. **Further Scheduling**

    A. **Unresolved Issues**.

If any issues are not resolved by cross-motions for summary judgment and such remaining issues require trial, a Further Scheduling Conference will be held following decision on dispositive motions to establish the schedule for the pre-trial and trial of the remaining issues in this case.

    B. **Remedies**.

In the event Plaintiffs prevail on any of their claims, a separate schedule shall be established for remedial issues, including discovery and a remedies hearing at which testimony may be presented.

VII. **Administrative Closure of Consolidated Cases**.

    A. These cases shall henceforth be referred to as "the Delta Smelt Cases." The cases hereby consolidated shall be consolidated under case number 1:09-cv-407 OWW GSA for all purposes, including trial. Cases number 1:09-cv-422 OWW GSA; 1:09-cv-631 OWW GSA; and 1:09-cv-892 OWW GSA shall be administratively closed and consolidated for all purposes under case number 1:09-cv-407 OWW GSA. All future filings in these cases shall be filed under "Delta Smelt Consolidated Cases" number 1:09-cv-407 OWW GSA. Case number 1:09-cv-480 OWW GSA is partially consolidated as specified above. Discovery on common issues set forth in Exhibit A shall be consolidated and may be used in all five cases. Case No. 1:09-cv-480 OWW GSA shall retain its number and shall be designated as "partially consolidated."

VIII. Settlement.

   A.   The parties will notify the Court if a settlement conference would be of value.

IX. Motions - Hard Copy.

   A.   The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with protruding numbered or lettered tabs so that the Court can easily identify and access such exhibits.

X. Trial.

   A.   These are non-jury cases.

XI.   Time Estimates.

   A.   Early dispositive motions and Administrative Record motions are estimated to take one day.

   B.   Further time estimates for proceedings shall be made after the hearing of the first phase motions.

XII. Related Cases.

   A.   The Delta Smelt Cases are related to Natural Resources Defense Council, et al. v. Kempthorne, E.D. Cal. Case No. 1:05-cv-1207 OWW GSA ("Kempthorne"), Pacific Coast Federation of Fishermen's Associations/Institute for Fisheries Resources v. Gutierrez, E.D. Cal. Case No. 1:06-cv-0245 OWW GSA ("Gutierrez"), Central Delta Water Agency, et al. v. United States Fish and Wildlife Service, et al., Case No. 1:09-cv-1003 OWW GSA (E.D.

1  Cal.) and <u>San Luis & Delta-Mendota Water Authority, et al. v.</u>
2  <u>Locke, et al.</u>, Case No. 1:09-cv-1053 OWW GSA.
3
4  XIII.  <u>Variance From Usual Filing and Service Requirements</u>.
5       A.   The parties agree, and the Court orders, that
6  consistent with the e-filing requirements of the Eastern District
7  of California, service of process of pleadings shall be deemed
8  accomplished on the date of electronic service.
9
10 XIV.  <u>Compliance With Federal Procedure</u>.
11      A.   The Court requires compliance with the Federal
12 Rules of Civil Procedure and the Local Rules of Practice for the
13 Eastern District of California.  To aid the court in the
14 efficient administration of this case, all counsel are directed
15 to familiarize themselves with the Federal Rules of Civil
16 Procedure and the Local Rules of Practice of the Eastern District
17 of California, and keep abreast of any amendments thereto.
18
19 XV.  <u>Effect Of This Order</u>.
20      A.   The foregoing order represents the best
21 estimate of the court and counsel as to the agenda most suitable
22 to bring this case to resolution.  The dispositive motions
23 hearing dates reserved are specifically reserved for this case.
24 If the parties determine at any time that the schedule outlined
25 in this order cannot be met, counsel are ordered to notify the
26 court immediately of that fact so that adjustments may be made,
27 either by stipulation or by subsequent scheduling conference.
28      B.   Stipulations extending the deadlines contained

10

1 herein will not be considered unless they are accompanied by
2 affidavits or declarations, and where appropriate attached
3 exhibits, which establish good cause for granting the relief
4 requested within the standards prescribed by Federal Rule of
5 Civil Procedure 16.
6     C.   Failure to comply with this order may result in
7 the imposition of sanctions.

9 DATED:   June 24, 2009.

_____
Oliver W. Wanger
UNITED STATES DISTRICT JUDGE

**EXHIBIT "A"**

determined whether review of those claims is limited to the administrative record or if, alternatively, discovery and/or trial may be necessary.

### Common Claims: Claims that Involve Legal Issues Appropriate for Early Disposition:

| Claims: | Cases and Specific Issues Alleged: |
|---|---|
| NEPA/APA: | San Luis Case:<br>• Failure to comply with NEPA prior to the preparation and issuance of the 2008 BiOp through failure to undertake any NEPA review, through an EIS, an EA, or a claim of exemption<br>State Contractors Case:<br>• Violation of the APA and NEPA for failure to perform NEPA review, including failure to prepare a legally adequate EIS<br>MWD Case:<br>• Failure to comply with NEPA and the APA for failing to undertake any environmental review or analysis pursuant to NEPA |
| U.S. Constitution Commerce Clause/ESA/APA: | Stewart & Jasper Case:<br>• Illegal Section 7 Consultation:<br>  ○ Sections 7(a)(2) and 9 of the ESA, as applied to the Long Term Operational Plan for coordination of the CVP and SWP, are invalid exercises of constitutional authority because the delta smelt is a purely intrastate species and has no commercial value<br>  ○ In the alternative, the Service unlawfully entered into consultation on the coordinated operations of the CVP and SWP and on the effects the coordinated operations have on a species over which it has no authority |

### Common Claims: Claims Subject to APA Review That Are Amenable to Resolution by Dispositive Motion[2]

| Claims: | Cases and Specific Issues Alleged: |
|---|---|
| ESA/APA/Failure to Use Best Available Science: | San Luis Case:<br>• Defendants failed to comply with the FWS Information Standards Policy, DOI Information Quality Guidelines, FWS Information Quality Guidelines, and FWS Scientific Code of Conduct regarding use of the scientific data<br>• Defendants made selective use of data and ignored contrary data<br>• The BiOp is internally inconsistent<br>• Defendants failed to disclose uncertainties in the data and the studies relied upon in the BiOp<br>• The BiOp presumes a significant relationship between entrainment and subsequent year abundance without adequate |

---

[2] Some plaintiffs believe that some or all of their claims grouped under the heading "Common Claims: Claims Subject to APA Review That Are Amendable to Resolution by Dispositive Motion" may require discovery, expert witness testimony, and/or consideration of extra-record documents, as further described in Issue No. 4(a), *infra*.

| | | |
|---|---|---|
| | | basis and despite contrary data and studies<br>• Defendants based the Fall X2 measure upon unreliable statistical analyses, despite superior analyses and data refuting a relationship between Fall X2 and subsequent abundance<br>• The BiOp failed to adequately address data regarding the effects of other stressors, such as toxics, predation, and food limitations<br>State Contractors Case:<br>• Defendants disregarded relevant data without explanation and arbitrarily selected certain other data<br>• Defendants made unfounded assumptions without support and based their analyses on data that was incorrect, incomplete, or incompatible with other scientific data, resulting in assumptions that are scientifically unsupportable<br>• Defendants failed to base the BiOp on the best "available" science because it does not disclose the source relied upon for its conclusions, or the source is not available to the public<br>• Defendants reached conclusions that were internally inconsistent<br>• Defendants relied on unsupported speculation rather than data or analysis<br>• Defendants displayed a pervasive bias against the SWP and CVP to the exclusion of all other stressors<br>Coalition Case:<br>• Failure to comply with the best scientific and commercial data available requirement<br>MWD Case:<br>• Defendants ignored relevant data/findings/conclusions, including widely available reports of the evolving nature of Bay-Delta science<br>• Defendants relied on speculative or unsupported data/findings/conclusions<br>• Defendants selectively ignored data/findings/conclusions reached by the same experts and studies upon which they relied for other data/findings/conclusions<br>• The BiOp makes internally inconsistent conclusions<br>• Defendants relied on undisclosed or unavailable sources<br>• Defendants evinced a bias against the projects<br>• Defendants relied on abundance estimates previously acknowledged as statistically indefensible, and failed to explain their shift in position |
| | ESA/APA:<br>Challenges to the RPA: | San Luis Case:<br>• The 2008 BiOp's RPA is arbitrary, capricious, and contrary to the law because:<br>   ○ The RPA is based upon the flawed and unsubstantiated premise that entrainment at the project pumps has population level effects<br>   ○ The RPA is not based upon a proper and lawful analysis of the effects of discretionary proposed CVP operations that would be added to the environmental baseline<br>   ○ The BiOp fails to explain why the RPA will avoid the jeopardy and adverse modification of critical habitat that |

supposedly would otherwise be caused by discretionary CVP operations
- The FWS failed to make findings or undertake any analysis of whether the RPA could be implemented in a manner consistent with the scope of Reclamation's legal authority and jurisdiction, or whether the RPA is economically and technologically feasible

State Contractors Case:
- Failure to make findings or undertake analysis pursuant to Section 7 of the ESA or title 50 of the Code of Federal Regulations regarding whether the RPA (1) can be implemented in a manner consistent with the intended purpose of the agency action, (2) can be implemented consistent with the scope of the action agency's legal authority and jurisdiction, (3) is economically and technologically feasible, or (4) will avoid the likelihood of jeopardizing the continued existence of listed species or result in the destruction or adverse modification of its habitat.
- Violation of Section 7 by requiring an RPA that cannot be implemented consistently within the scope of DWR's legal authority and jurisdiction

Coalition Case:
- Failure to comply with the regulatory requirements for specifying an RPA. For example:
  - The 2008 BiOp fails to consider the cost of undertaking the RPA
  - The 2008 BiOp fails to consider whether the RPA can be implemented in a manner consistent with the intended purpose of the SWP and CVP
  - FWS selected an RPA that will cause greater harm to public health and safety than the alternative RPAs.

MWD Case:
- The RPAs are not supported by the best science available
- Failure to make findings or analyze whether the RPAs can be implemented in a manner consistent with the intended purpose of the Projects
- Failure to make findings or analyze whether the RPAs are economically and technologically feasible
- Failure to resolve water resource issues in concert with conservation of the species
- The RPAs are broader than necessary, both quantitatively and temporally
- Defendants ignored evidence that similar restrictions in the interim remedies have produced no benefit to delta smelt since they were implemented
- The adaptive management program is speculative and not supported by the best science available
- The incidental take statement is not supported by the best science available

Stewart & Jasper Case:
- Failure to explain the RPA's consistency with the scope of the Bureau of Reclamation's legal authority and jurisdiction
  - The BiOp fails to explain how the RPA is consistent with the scope of the Bureau of Reclamation's legal authority and jurisdiction

| | | |
|---|---|---|
| | | • Failure to explain the economic and technological feasibility of the RPA<br>   o The BiOp fails to explain how the RPA is economically and technologically feasible<br>• Failure to articulate a rational connection between defendants' conclusions and the RPA<br>   o By imposing RPA Components 1 and 2 without having found that entrainment has contributed to a population-level decline of the delta smelt species, the Service acted arbitrarily and capriciously |
| | ESA/APA/Effects of the Action: | San Luis Case:<br>• The 2008 BiOp's analysis of the effects of CVP operations fails to distinguish between discretionary and nondiscretionary CVP operations, and therefore overstates the effects that were properly subject to consultation<br>• For the effects analysis in the BiOp, FWS failed to use the proper baseline<br>• Defendants did not identify the increment of effects that will be added by discretionary CVP operations<br>• Defendants failed to properly analyze cumulative effects<br>State Contractors Case:<br>• Violation of Section 7 for failure to comply with applicable standards when analyzing the effects of the action and concluding that the CVP and SWP will jeopardize the continued existence of the delta smelt or destroy or adversely modify its critical habitat:<br>   o The BiOp improperly describes the proposed agency action and fails to distinguish between discretionary and nondiscretionary components of the CVP and the SWP<br>   o The BiOp employs an improper baseline that fails to evaluate the past, present, and anticipated impacts in the action area<br>   o The BiOp uses a baseline that is dramatically different than that in the BA and contrary to the recommendations of Defendants' own experts without adequate explanation<br>   o Defendants fail to explain how the RPA will remove the delta smelt from the "jeopardy" purportedly caused by the SWP and CVP.<br>Coalition Case:<br>• Failure to adequately analyze the effects of the action in the 2008 BiOp<br>   o The 2008 BiOp's analyses of the effects misrepresent findings or inappropriately consider the uncertainties associated with the results of scientific studies.<br>   o The 2008 BiOp attributes the effects of actions in the environmental baseline to action that is the subject of consultation.<br>   o Failure to adequately analyze the status of the species and environmental baseline in the 2008 BiOp, for example, the line between the environmental baseline and the effects of the action is not clear |

| | | |
|---|---|---|
| | | MWD Case:<br>• The effects analysis and jeopardy and adverse modification conclusions are not supported by the best science available and violate the ESA and APA<br>• Failure to properly analyze and define the environmental baseline<br>• Defendants ignored evidence of the harm that other stressors cause to delta smelt, and failed to quantify the impacts<br>• Defendants improperly concluded that the Projects are a primary driver of the adverse effects caused by other stressors<br>• Defendants did not delineate discretionary and non-discretionary Project operations<br>• Defendants overstated the changes and incremental effects that would result from Project operations<br>• Defendants improperly analyzed the effects of Article 21 water. |
| | ESA/APA: Connection Between Facts & Conclusions | Coalition Case:<br>• Failure to connect the facts found to the conclusions made<br>  o FWS failed to provide connection between analyses of status of the species, environmental baseline, effects of the action and the jeopardy/adverse modification determinations<br>  o The BiOp fails to provide a connection between the jeopardy and adverse/modification determinations and the RPA<br>MWD Case:<br>• Failure to provide a rational connection between the facts found and the conclusions made<br>  o Defendants failed to provide a rational connection between (a) their analysis of the status of the delta smelt, the environmental baseline, and the effects of the action and (b) their jeopardy and adverse modification conclusions<br>  o Defendants failed to provide a rational connection between (a) their jeopardy and adverse modification conclusions and (b) their conclusion that the RPAs will avoid jeopardy and adverse modification |
| | ESA/APA: Incidental Take Statement | San Luis Case:<br>• Term and Condition 1 in the 2008 BiOp's Incidental Take Statement is arbitrary, capricious, and contrary to law |
| | ESA/APA: Challenges to the RPMs | Stewart & Jasper Case:<br>• Failure to explain the economic impacts of the RPMs<br>  o Neither the RPMs nor the terms and conditions that implement the RPMs contain a statement that allows for Reclamation to take into consideration the economic impacts of implanting the RPMs |
| | ESA/APA: Illegal Reservation of Authority | Stewart & Jasper Case:<br>• Illegal reservation of authority over Bureau of Reclamation and DWR operations |

|  | o Defendants do not have authority to make ultimate decisions on operations managed by the Bureau and the California Department of Water Resources |
|---|---|
|  |  |

B. **Separate Claims: Claims Challenging Other Federal Agency Actions**

| Claims: | Cases and Specific Issues Alleged: |
|---|---|
| ESA/Failure to Consult | Coalition Case:<br>• Against the EPA: Failure to consult on pesticide registrations that may affect endangered and threatened species in the Delta in violation of Section 7(a)(2) of the ESA.<br>• Against MARAD: Failure to consult on maintenance of the National Defense Reserve Fleet in Suisun Bay that may affect endangered and threatened species in the Delta in violation of Section 7(a)(2) of the ESA.<br>• Against MARAD: Failure to consult on maintenance of the National Defense Reserve Fleet in Suisun Bay that may affect endangered and threatened species in the Delta in violation of Section 7(a)(1) of the ESA.<br>• Against FWS: Failure to consult on granting funds under the Sport Fish Restoration Act that may affect endangered and threatened species in the Delta in violation of Section 7(a)(2) of the ESA<br>• Against FWS: Failure to consult on granting funds under the Sport Fish Restoration Act that may affect endangered and threatened species in the Delta in violation of Section 7(a)(1) of the ESA<br>• Against FEMA: Failure to consult on carrying out the National Flood Insurance Program that may affect endangered and threatened species in the Delta in violation of Section 7(a)(2) of the ESA<br>• Against FEMA: Failure to consult on carrying out the National Flood Insurance Program that may affect endangered and threatened species in the Delta in violation of Section 7(a)(1) of the ESA |
| ESA/Commitment of Irretrievable and Irreversible Resources: | Coalition Case:<br>• Against EPA: Commitment of irretrievable and irreversible resources in continuing to carry out registration and registration of pesticides violation of Section 7(d) of the ESA.<br>• Against MARAD: Commitment of irretrievable and irreversible resources in continuing to commit funds for maintenance of the National Defense Reserve Fleet at Suisun Bay in violation of Section 7(d) of the ESA.<br>• Against FWS: Commitment of irretrievable and irreversible resources in continuing to grant funds under the Sport Fish Restoration Act in violation of Section 7(d) of the ESA<br>• Against FEMA: Commitment of irretrievable and irreversible resources in continuing to carrying out the National Flood Insurance Program in violation of Section 7(d) of the ESA |

- 8 -

JOINT SCHEDULING CONFERENCE STATEMENT

| ESA/APA: Failure to Comply with Section 7(a)(2) and its Implementing Regulations[3] | Coalition Case:<br>• Against ACOE: Failure to comply with ESA Regulations in analyzing the effects of the action in violation of the ESA and APA<br>• Against FWS: Failure to comply with ESA Regulations in analyzing the effects of the action in violation of the ESA and APA |
|---|---|

C. **A Summary of the Legal Issues as to Which There Is No Dispute:**

The federal defendants do not dispute venue and the applicability of federal law, but do reserve objections to jurisdiction.

**2.   Matters Regarding the Administrative Record:**

The Parties agree that the administrative record for the 2008 BiOp will be filed on or before July 1, 2009. After the administrative record is filed, the Parties shall confer promptly to resolve any disputes regarding the adequacy of the administrative record. If any disputes between the Parties are not resolved, any motions to augment the record or challenge the contents of the record will be filed on or before July 31, 2009, with oppositions to such motions due on August 14, 2009, and replies in support due on August 21, 2009, and the hearing to be held the week of August 24, 2009, subject to the Court's availability.

Plaintiffs anticipate that they will submit declarations by experts to help explain complex technical and scientific material in the record. Federal defendants and defendant-intervenors do not anticipate that the limited exceptions for extra-record evidence, including declarations by experts, will apply with respect to these claims. The federal defendants maintain that extra-record evidence is inappropriate and, if allowed by the court, may require modifications to the briefing and hearing date schedules set out by the Parties.

**3.   Matters Presenting Themselves for Early Disposition:**

The claims referred to above as legal claims appropriate for early disposition consist of the allegations regarding (1) whether the federal defendants complied with obligations under

---

[3] The plaintiffs in the Coalition Case believe that these issues may also be appropriate for a pre-trial dispositive motion that may be appropriate to bring at the same time as the pre-trial dispositive motions challenging the BiOp.